374 A.2d 106.

STATE *vs.* JULIO SILVA.

JUNE 16, 1977.

PRESENT: Bevilacqua, C. J., Paolino. Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The defendant (Silva) was found guilty on two counts of armed robbery in violation of G.L. 1956 (1969 Reenactment) §11-39-1. Silva raises various questions on appeal, but we are concerned with only one: Did the trial justice erroneously exclude all alibi testimony of

the defendant at trial? The issue must be resolved in light of the provisions of Super. R. Crim. P. 16, and our review of the facts will be accordingly limited.

Silva was indicted on April 14, 1975. On May 23, 1975, Silva filed a sweeping motion for discovery with the Attorney General pursuant to Rule 16(a). Thereafter, on June 3, 1975, the state filed its motion for reciprocal discovery under Rule 16(b) and (c),[1] and on the same day filed its response to defendant's discovery motion. On June 13, 1975, the state made a specific request for defendant's alibi under Rule 16(c). The defendant's answer to the state's request was filed 10 days late but 6 months prior to trial. The answer provides in pertinent part:

"There are no written or recorded verbatim statements of any of the witnesses; however, a summary of the testimony would simply be that during the course of that evening, they were in the presence of

---

[1]Rule 16(b) provides that when a defendant seeks discovery from the state pursuant to Rule 16(a), he shall be obligated, upon written request, to provide the state with evidence, information, and witnesses he expects to utilize at trial.

Rule 16(c), upon which this case turns, provides:

"Notice of Alibi. In the event a defendant seeks any discovery under subdivision (a) of this rule, then upon demand by the attorney for the State and delivery by him to the defendant of a written statement describing with specificity the date and time when the place where the offense charged is alleged to have occurred, the defendant, within twenty-one (21) days after receipt of such demand and particulars, shall give written notification whether he intends to rely in any way on the defense of alibi. If the defendant does so intend, the notice shall state with specificity the place at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call at the trial to establish such alibi. Within twenty-one (21) days after receipt of written notification of intent to rely on the defense of alibi, together with particulars thereof, the attorney for the State shall furnish to the defendant written notice of the names and addresses of the witnesses whom the State intends to call at the trial to establish defendant's presence at the place' where and the time when the offense is alleged to have occurred."

Julio Silva and that during the course of the evening that he was never out of their company, that is, at all times at least one of the people mentioned above was with him, and that he in fact did not leave their company and go to the scene of the alleged crime during that evening. * * * [A]s to the remaining portion of State's request for Defendant's alibi, the Defendant advises that on the date in question, he spent the entire evening at the following locations: 207 Camp Street, Providence, Rhode Island; Holiday Inn, 21 Atwells Avenue, Providence, Rhode Island; and during that period of time, he was in the company of:

Shirlene Smith of 54 Dartmouth Avenue, Providence, Rhode Island; Cadida Silva, Elizabeth Silva, Christine Silva of 207 Camp Street, Providence, Rhode Island; and Anna Washington, address unknown."

Five weeks prior to trial defendant supplemented[2] his answer by including "the name of Theresa Young who will be called as a witness." Nothing further transpired until the time of trial.

After the state had presented its case, it moved to exclude any and all testimony of defendant's witnesses relating to alibi, his sole defense. The exclusion motion was based on the contention that defendant had failed to meet the specificity requirements of Rule 16(c). Specifically, the state objected to defendant's failure to state precisely at which of the two locations he had been at the time of the offense[3] and his failure to include in his supplemental

---

[2]Presumably, this additional response was made in accordance with Rule 16(h) — the continuing duty to disclose information required under the rule.

[3]The state's answer placed the time of the crime between 9:50 and 10:15 p.m. An intruder, wielding a sawed-off shotgun, entered a market on Olney Street during that time span. He proceeded to rob a clerk and customer in the store and shot a hole in the ceiling upon taking his leave.

answer the address of the witness, Theresa Young. The trial justice granted the motion; we reverse.

Without reaching the constitutional arguments concerning the denial of defendant's right to compulsory process,[4] the threshold question is: Did the trial justice abuse his discretion in imposing the sanction of exclusion? Rule 16(i) provides for the sanctions available to the court in the event of noncompliance by either party:

> "Failure to Comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, it may order such party to provide the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material which or testimony of a witness whose identity or statement were not disclosed, or it may enter such other order as it deems appropriate."

Clearly, it is within the trial court's discretion to impose a sanction for noncompliance in light of the attendant circumstances of a given case. *See United States* v. *Saitta,* 443 F.2d 830 (5th Cir.), *cert. denied,* 404 U.S. 938, 92 S.Ct. 269, 30 L.Ed.2d 250 (1971); *State* v. *Nunn,* 113 N.J. Super. 161, 273 A.2d 366 (1971). In the case before us, however, the circumstances certainly did not justify the extreme action taken by the trial justice even if there was technical noncompliance.

In *McGonagle* v. *Souliere,* 113 R.I. 683, 324 A.2d 667 (1974), a wrongful death action, counsel had failed to list in a pretrial interrogatory a witness that he called to the

---

[4] In *Wardius* v. *Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L. Ed.2d 82 (1973), and *Williams* v. *Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L. Ed.2d 446 (1970), the Supreme Court did not reach the issue of what effect an exclusionary order would have on a defendant's right to obtain witnesses in his own behalf, a right guaranteed by the sixth amendment of the United States Constitution and art, I, §10 of our State Constitution.

stand at trial. The trial justice excluded his testimony. In reversing the trial justice's ruling as an abuse of discretion, our court noted: "Forbidding a party to call a witness is a drastic sanction in a trial whose goal is the ascertainment of truth." *Id.* at 688, 324 A.2d at 670. We feel this observation applies with equal, if not greater, force in a criminal trial where one's life or personal liberty is at stake. This is not a case where the defendant has failed to respond at all. The state had notice and information of defendant's defense 6 months prior to trial. The defendant's answer was at least in substantial compliance with the letter and spirit of Rule 16. If the state thought the answer was evasive or unspecific, it had an easily available recourse in the form of a motion to compel — a remedy, incidentally, defendant had to utilize. The fact that the addresses of two named witnesses were not furnished, if not available in the telephone book, was likewise subject to discovery under a motion to compel.

The state likens the defense "tactic" to one's gamble in a poker game — a gamble that, according to the state, the rules of discovery were fashioned to avoid. However, it seems to us that the state was holding a pat hand and will remain in a "no-lose" situation if the trial court's ruling is upheld. In other words, the state will have enough information to investigate the defendant's case while hoping the answer is sufficiently unspecific to have the defense dismissed at trial. In light of the record before us, we hold the trial court abused its discretion in excluding defendant's alibi testimony.

The judgment of conviction is reversed, and the case is remanded to Superior Court for a new trial.

*Julius C. Michaelson,* Attorney General, *John R. Mc- Dermott,* Special Asst. Attorney General, for plaintiff.

*McKinnon & Fortunato, Amy R. Tabor,* for defendant.