STATE

v.

**William A. DARCY.**

No. 81–153–C.A.

Supreme Court of Rhode Island.

March 17, 1982.

---

Dennis J. Roberts, II, Atty. Gen., Melanie Wilk Spencer, Asst. Atty. Gen., for plaintiff.

Lynch, Di Luglio, Pannone & Costello, John D. Lynch, Warwick, for defendant.

OPINION

WEISBERGER, Judge.

This is an appeal from a judgment convicting the defendant of two counts of driving to endanger, death resulting, in violation of G.L. 1956 (1968 Reenactment) § 31–27–1, as amended by P.L. 1978, ch. 208, § 2. At trial, the prosecutor offered into evidence a highly prejudicial statement made by the defendant, although the state had not disclosed the existence of that statement in response to the defendant's request for discovery. The trial justice admitted the testimony but reserved decision on the defendant's motion to pass the case or for curative instructions. At the close of the evidence, the trial justice denied the defendant's motion. We believe that a mistrial should have been granted. Therefore, we vacate the judgment of conviction.

It is undisputed that in the early morning of August 25, 1979, a car driven by defendant, William A. Darcy, collided with a car operated by Stacey Delfino in which her sister, Jennifer Gregory, was a passenger. Tragically both sisters died as a result of that accident. The defendant was charged by criminal information with "operating a vehicle in reckless disregard of the safety of others," with the death of the two young women resulting.

On appeal defendant raises three issues relating to the sufficiency of the evidence presented at trial: (1) that the state failed to prove beyond a reasonable doubt that he was "reckless," (2) that the insufficiency of the evidence required a granting of the motion for acquittal, and (3) that the judge misconceived material evidence in denying the motion for a new trial. A fourth, and the dispositive issue, is the assertion that the trial justice should have passed the case because an inculpatory statement attributed to defendant was introduced into evidence. Before addressing that issue, however, we shall discuss defendant's argument that his motion for judgment of acquittal should have been granted.

It is well settled that in considering a motion for judgment of acquittal, both the trial justice and this court on appeal must weigh the evidence in the light most favorable to the prosecution, give full credibility to the prosecution's witness, and draw from the evidence every reasonable inference consistent with guilt. *See State v. Gazerro*, R.I., 420 A.2d 816, 827 (1980); *State v. McGranahan*, R.I., 415 A.2d 1298, 1301 (1980); *State v. Sepe*, R.I., 410 A.2d 127, 132 (1980). If the evidence so viewed establishes the defendant's guilt beyond a

reasonable doubt, then the motion must be denied. *State v. Gazerro*, 420 A.2d at 827. The record shows that the trial justice correctly applied this standard, and it amply supports his finding that the state sufficiently met its burden of proof to withstand this motion. There was evidence that defendant was driving in excess of the speed limit required by the less-than-favorable road and weather conditions, that he passed a vehicle in a no-passing zone, and that he failed to maintain control of his vehicle. Even absent the testimony giving rise to the motion for a mistrial, the evidence and the inferences that permissibly could be drawn therefrom were sufficient to justify a finding that defendant had been "reckless" and was consequently guilty as charged. We, therefore, reject defendant's argument that his motion for judgment of acquittal should have been granted.

■ We now turn to defendant's allegation that the admission into evidence of a statement attributed to him mandated a mistrial. Although the statement itself was not objectionable, the prosecutor's failure to disclose that statement prior to the trial constituted a violation of the criminal rules of discovery. Pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure, defendant had requested

> "all relevant written or recorded statements or confessions, signed or unsigned, or written summaries of oral statements or confessions made by the defendant, or copies thereof * * *."

The state's response to this request was simply "[N]one." Nevertheless, without supplementing its response the state elicited from a witness and successfully introduced at trial a statement allegedly made to him by defendant.

> "Q. What was it that the Defendant said to you, Mr. Burnell?
>
> "A. He asked me to say that I was driving.
>
> "Q. That you were driving what?
>
> "A. His car."

The defendant contends that this highly prejudicial evidence introduced in breach of the rules of discovery should have resulted in a mistrial. We agree.

■ Rule 16(i) provides sanctions for the failure of either party to comply with that rule.

> "Failure to Comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, it may order such party to provide the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material which or testimony of a witness whose identity or statement were not disclosed, or it may enter such other order as it deems appropriate."

The phrase "such other order as it deems appropriate" makes the declaration of a mistrial an appropriate sanction. The imposition of any Rule-16 sanction is a matter within the sound discretion of the trial justice. *State v. Silva*, 118 R.I. 408, 411, 374 A.2d 106, 108 (1977). That discretion, however, is not boundless. A trial justice's exercise of discretion must be consistent with constitutional and procedural guarantees. *State v. Patriarca*, 112 R.I. 14, 37, 308 A.2d 300, 315 (1973). If no other available discretionary measures can possibly neutralize the harmful effect of improperly admitted evidence, then a mistrial should be declared. *Salimeno v. Barber*, 108 R.I. 705, 709, 279 A.2d 419, 421 (1971).

In this case, the objectionable testimony in all likelihood caused the jury to believe that at the time of the accident, defendant himself thought his conduct to be culpable. Unrebutted, such a prejudicial admission may be highly persuasive in the minds of jurors. Justifiably relying on the prosecution's assertion that it possessed no statements attributable to defendant, defense counsel was not prepared to counter the inculpatory evidence by way of cross-examination or otherwise. The introduction of the previously undisclosed statement may have denied defendant the opportunity required by due process to establish the best available defense. *See State v. Patriarca*, 112 R.I. at 37, 308 A.2d at 315. Further, the admission of the unexpected testimony may have diluted the effectiveness of defendant's representation, thereby adversely

affecting his federal and state constitutional rights to counsel. *See Delahunt v. State*, 440 A.2d 133 at 135 (R.I., 1982); *State v. Desroches*, 110 R.I. 497, 505, 293 A.2d 913, 918 (1972). This right to the assistance of counsel is one of the fundamental elements of the due-process right to a fair trial. *See State v. Carvalho*, R.I., 409 A.2d 132, 134 (1979).

■ Moreover, it would be unfair to allow the state the tactical advantage of surprise gained by violating, whether intentionally or unintentionally, the rules of discovery. It is axiomatic that due process accords to criminal defendants the right to a fair trial. *State v. Pella*, 101 R.I. 62, 64, 220 A.2d 226, 228 (1966). The defendant, having no prior notice whatsoever that the prosecutor possessed the statement attributed to him, learned of its existence along with the jury. At common law the right to discovery was not recognized; therefore, compliance with discovery procedures has not been constitutionally mandated. At present approximately forty states have enacted statutes or court rules that authorize discovery in various forms. *See* Kamisar, LaFave and Israel, *Modern Criminal Procedure*, 1154–59 (5th ed. 1980). The Supreme Court of the United States has approved reciprocal discovery provisions in *Williams v. Florida*, 399 U.S. 78, 81–82, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446, 459 (1970). Rhode Island's discovery rule is among the most liberal and complete reciprocal mechanisms for discovery to be found in any jurisdiction in the United States, either state or federal. Although the right to discovery may not be an essential element of due process, its introduction and wide acceptance has become part of the context in which a trial is conducted. An attorney who expects, by reason of reliance upon the rules, that honest, accurate, and complete answers will be given in response to discovery requests can scarcely be effective if his expectations are wholly shattered in the course of a trial. His reaction will be one of surprise and occasionally consternation. In the instant case both reactions must have occurred. The requirements of due process and of effective asistance of counsel must be evaluated and defined within the context of a trial conducted in accordance with rules of procedure and discovery which are in effect in a particular jurisdiction. We do not suggest that any deviation from discovery requirements, however slight, will constitute a violation of due process and effective assistance of counsel. However, when the failure of discovery results in complete surprise on a crucial issue, then we believe that due process and effective assistance of counsel will be impacted.

■ We have held in *State v. Silva*, 118 R.I. 408, 411–12, 374 A.2d 106, 108–09 (1977), that the exclusion of evidence as a sanction for failure to comply with discovery rules may constitute an abuse of discretion. We do not fault the trial justice in this case for not excluding the important evidence concerning the defendant's statement to his friend immediately after the accident. Certainly, the defendant should not be insulated from relevant truths. *See State v. Cline*, R.I., 405 A.2d 1192, 1210 (1979). In light of this unexpected and crucial piece of evidence, however, the court should have imposed a remedy that might at least have placed the defendant in as favorable a position as he would have been had the information been furnished in timely fashion. We do not believe in this instance that any remedy other than a mistrial would have eradicated the prejudicial effect caused by the violation of Rule 16. Curative instructions would have been of no assistance, and even a continuance within the trial itself (a remedy that was not requested) would not have given counsel the requisite time to reassess his defense in the light of this new evidence. Once this extremely prejudicial and unanticipated evidence was admitted, only a mistrial would have placed the defendant in a position to prepare to meet its effect at a subsequent trial.

For the reasons stated, the appeal is sustained, the convictions are vacated, and the papers in this case are remanded to the Superior Court for a new trial.