**STATE**

v.

**Joseph DiPRETE.**

No. 82–250–C.A.

Supreme Court of Rhode Island.

Nov. 8, 1983.

Dennis J. Roberts II, Atty. Gen., James P. Renaldo, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief Appellate Div., for defendant.

## OPINION

SHEA, Justice.

The defendant, Joseph DiPrete (DiPrete), appeals from a Superior Court jury conviction of robbery. We sustain the appeal and remand for a new trial.

This case arises from the December 10, 1980 robbery of a Sunnybrook Farms convenience store on Smith Street in Providence. Margaret Fitzgerald (Fitzgerald), the cashier at the store, testified that a male customer entered the store, browsed for a few minutes, pulled a gun out from under his coat, and asked her for money. She gave him the money from the cash register. He fled after warning her not to call the police for fifteen minutes. Fitzgerald gave a description to the police when they arrived.

DiPrete was arrested by the Providence police on January 30, 1981, pursuant to an arrest warrant issued by the Glocester police department for an unrelated incident. Two Glocester police officers questioned DiPrete about that incident until approximately 2 p.m. Providence police began to question DiPrete shortly thereafter. He was put in several lineups thereafter, and at a lineup conducted at 4:30 p.m. he was identified by Fitzgerald as the person who had robbed the Sunnybrook Farms store on December 10, 1980.

DiPrete was indicted by a Providence County grand jury on May 22, 1981. On June 23, 1981, defendant filed a motion for discovery in which he requested, among other things, "all warrants which have been executed in connection with the particular case and the papers accompanying them, including affidavits, transcripts of oral testimony, returns and inventories." The state's response, filed July 9, 1981, was simply, "None known to State." The defendant then filed two motions to compel and in the second one, filed August 22, 1981, requested "Facts and circumstances relating to the defendant's arrest on January 30, 1981, along with a copy of all statements pertaining to the arrest." After a hearing on September 10, 1981, the trial justice granted the motion and ordered the state to comply with this request within thirty days. On November 27, 1981, defendant filed a motion to impose sanctions for failure to comply. This motion was granted. The state was ordered to produce the requested material by December 11, 1981 or it would be "precluded from the use of that information at trial."

On January 12, 1982, the state filed a notice of compliance in which it attached a

Providence police department report of an arrest of one Colleen A. Brennan for unlawful possession of credit cards. Brennan was arrested at the same time as DiPrete.

Over defendant's continual objections, the trial justice allowed the testimony of the arresting officer, Detective Ritchie, concerning the circumstances of defendant's arrest. Further, the trial justice stated that because the Glocester warrant was the basis of the arrest, the arrest was valid; therefore, Fitzgerald and Detective Ritchie were allowed to testify in court about her previous lineup identification.

The defendant was found guilty of robbery and was sentenced to thirty years with five years suspended.

On appeal, defendant raises a number of issues. We shall consolidate them into two issues that will be dispositive of this case. The first issue involves the testimony of Detective Ritchie concerning the circumstances of the arrest as well as the testimony from both Detective Ritchie and Fitzgerald about Fitzgerald's previous lineup identification of defendant. The second issue involves the question of the trial justice's permitting the state to elicit information that the defense witness had provided defendant with drug counseling.

## I

■ The trial court has the power to "prohibit the party from introducing in evidence the material which or testimony of a witness whose identity or statement were not disclosed * * *." Super.R.Crim.P. 16(i). The exclusion of evidence as a sanction for failure to comply with discovery is within the sound discretion of the trial court and should not be overturned absent a clear abuse of that discretion. State v. Verlaque, R.I., 465 A.2d 207, 213 (1983); State v. Concannon, R.I., 457 A.2d 1350, 1353 (1983); State v. Coelho, R.I., 454 A.2d 241, 244–45 (1982); State v. Darcy, R.I., 442 A.2d 900, 902 (1982). Most recently we said in Verlaque:

"The language of Rule 16 is very clear. The prosecutor must provide a defendant with specific information when requested. The prosecutor does not have the authority to interpret the rule and decide what constitutes substantial compliance or equivalent compliance." Verlaque, R.I., 465 A.2d at 214.

In the present case, defendant specifically requested information concerning the facts and circumstances relating to his arrest as well as all warrants executed in connection with the case. Despite those requests and an order from the court requiring disclosure within thirty days, the state failed to comply. The defendant brought a motion to impose sanctions to enforce the previous court order. The court then ordered the state to produce the requested information within one week (by December 11, 1981) or risk the information's being precluded from use at trial.

The order that imposed sanctions against the state was self-executing. There were no conditions delaying the imposition of sanctions once the one-week period for producing the information passed. The exclusion of evidence would take effect on December 11, 1981, if the state did not comply.

The state filed a notice of compliance on January 12, 1982, well after the sanctions had taken effect. The recitation in the compliance notice that the information had been provided to defendant on December 11, 1981, is contradicted by the prosecutor's own statement at the suppression hearing that "compliance was issued to Mr. Kenney (defense counsel) on 1–12–82."

Furthermore, even if the information that was turned over to defendant on January 12, 1982, had been delivered within the one-week period before sanctions were to be imposed, the compliance by the state would still be faulty. The court ordered the state to produce the facts and circumstances relating to the arrest of defendant. Instead, the state produced the arrest report of an individual whose arrest, though it took place at the same time as defendant's, was unrelated to that of defendant and was for

an unrelated crime. This action clearly did not comply with the order of the court.

The state should have produced a written account of defendant's arrest along with the Glocester arrest warrant that the state had relied on as the basis of the arrest. The warrant was discoverable and was extremely relevant to defendant, who attempted to have evidence excluded on the basis of the alleged illegality of the arrest.[1] The information was crucial to an adequate preparation of the defense. There is no excuse for the actions of the prosecutor in ignoring the discovery process as well as the court's orders.

■ The self-executing sanctions imposed by the first judge should have been upheld and enforced by the trial justice. They became the "law of the case." That doctrine requires that, after a judge has decided an interlocutory matter in a pending suit, a second judge confronted at a later stage of the suit with the same question in the identical manner should refrain from disturbing the first ruling. *State v. Infantolino,* 116 R.I. 303, 310, 355 A.2d 722, 726 (1976).

■ The evidence concerning the circumstances of the arrest as well as the lineup identification of defendant on the day of the arrest should have been excluded from trial. The sanctions imposed by the first judge should have been enforced by the one who presided at trial. Otherwise, the sanctions would have no meaning, and parties would be allowed to ignore the discovery rules and orders issued pursuant to them.

The state claims that the alleged error of the trial justice was harmless. We disagree. The conviction rested solely on the testimony of one eyewitness. Questions were raised about the accuracy of her iden-

tification because there were discrepancies between the description of the robber at the time of the crime and defense witness's testimony concerning defendant's actual appearance around the time of the incident.

The actions of defendant at the time of the arrest, as well as Fitzgerald's and Detective Ritchie's testimony about Fitzgerald's lineup identification of defendant, were therefore crucial to the state in establishing its case-in-chief. Admission of this evidence can hardly be classified as harmless error beyond a reasonable doubt. This is certainly evidence that would have had an influence on the jury's determination of the issue of identity. *Kelaghan v. Roberts,* R.I., 433 A.2d 226, 232 (1981).

■ Since we conclude that the objectionable testimony should have been excluded from trial because of the sanctions imposed by the court, we need not reach the other reasons for their exclusion raised by defendant.

II

Jane DiLorenzo, a drug rehabilitation counselor employed by CODAC of Cranston,[2] was called by the defense to establish the fact that on the day in question, defendant weighed less than Fitzgerald had described to the police. The issue here is whether the trial justice abused his discretion in refusing to exclude evidence of both the witness's association with the drug rehabilitation program and the fact that she was providing drug counseling to defendant.

■ It is within the sound discretion of the trial justice to determine whether a questioned statement is improperly prejudicial. *State v. Peters,* 82 R.I. 292, 296, 107

---

1. It should be noted that despite the fact that the trial justice stated that the arrest was valid because of the arrest warrant, neither the warrant nor an affidavit was ever given to defense counsel or produced at trial. This court was furnished with a copy of the warrant in the appendix to defendant's brief after the defense obtained a copy from District Court. An examination of the warrant raises serious questions

about its validity. We need not deal with that matter here, however, because the sanctions imposed are dispositive of the case.

2. CODAC is a drug rehabilitation program which stands for Community Organization for Drug Abuse Control.

A.2d 428, 430 (1954). The question then becomes whether, given the context of this case, the trial justice exercised proper discretion in refusing to exclude such testimony. Where doubt exists concerning the propriety of the trial justice's refusal to exclude such prejudicial testimony, such doubt is to be resolved in a defendant's favor. *State v. Manfredi*, 118 R.I. 144, 149, 372 A.2d 975, 977 (1977).

The defendant was charged with robbing a convenience store. The state's case rested on the testimony of the complaining witness and a police officer's account of the arrest. The implication that the questioned evidence would have raised in the jurors' minds—that defendant was addicted to drugs—was highly prejudicial and totally irrelevant to defendant's guilt or innocence. The state is wrong when it asserts that the jury had a right to be informed of "the fact that he (the defendant) was a drug addict."

In *State v. Sfameni*, 115 R.I. 18, 339 A.2d 742 (1975), this court held that testimony stating that the defendant was seen at the time of the arrest drinking from a cough-medicine type of bottle should have been excluded and that even though cautionary instructions had been given, the evidence was not sufficiently freed from the prejudicial effect to ensure the defendant a fair and impartial trial. *Id.* at 24, 339 A.2d at 745. The prejudice in the present case is even greater. There were no cautionary instructions given and the suggestion that defendant was a drug addict gives rise to a more serious implication.

The prejudice to defendant could have been minimized without misleading the jury by allowing the witness to state that she was a "health counselor" as the defense had requested. As we stated in *Sfameni:*

> "On the record before us we cannot say that the verdict was not influenced by the offending remarks. We believe that the ends of justice would be best served if a jury, uninfluenced by improper considerations, passed on the merits * * *." *Id.* at 24, 339 A.2d at 745.

 We conclude that it was reversible error to allow the state to present testimony concerning the defense witness's affiliation with a drug rehabilitation program and require her to identify herself as the defendant's "drug counselor."

For these reasons, the defendant's appeal is sustained, the judgment of conviction is vacated, and the case is remanded to the Superior Court for a new trial.