STATE

v.

Steven M. QUINTAL.

No. 83–341–C.A.

Supreme Court of Rhode Island.

August 1, 1984.

Dennis J. Roberts II, Atty. Gen., Joel S. Chase, Asst. Atty. Gen., Providence, for plaintiff.

Stephen P. Nugent, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the state from an order by the trial justice dismissing the indictment against the defendant. The dismissal resulted from the state's failure to comply with a court order compelling it to produce certain medical records pertaining to the complaining witness. We affirm the decision of the trial justice and hold that the trial justice did not abuse his discretion in dismissing the indictment.

On August 3, 1981, defendant was secretly indicted by a Newport County Grand Jury on four counts of third-degree sexual assault. At defendant's September 21, 1981 arraignment, defense counsel filed a request for discovery and inspection pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure. The state's response to this request, filed on October 5, 1981, included the Summary Note of Dr. Richard Palumbo, a psychologist who examined the complaining witness in connection with the reported sexual assaults.

Subsequently, defense counsel filed a motion to compel more responsive answers to the September 21, 1981 request—specifically, defense counsel requested complete medical reports pertaining to the mental health and gynecological history of the complaining witness. This motion was granted by the trial justice on November 9, 1981, and the state was ordered to furnish to defendant the mental records and psychological history of the complaining witness, the physician's report of the gynecological examination, the witness's diary, and tape recordings of conversations between her and defendant. On January 8, 1982, defense counsel filed a motion to dismiss the indictment on the ground that the state had failed to comply with the discovery order.

The motion to dismiss was heard on June 25, 1982. In the period between the filing of the motion and the trial justice's consideration thereof, the state provided defendant with various records relating to the complaining witness's medical history. One of these was Dr. Palumbo's Summary Note, which had previously been furnished to defendant; two others made reference to additional medical records that were never produced. The trial justice treated defendant's motion to dismiss as a motion to compel production and granted it—order was entered on July 1, 1982.

The state subsequently produced *some* records but did not completely satisfy the orders of November 9, 1981, and June 25, 1982. At a pretrial conference on November 23, 1982, the trial justice ordered the state to produce the psychiatric records requested by defense counsel. A conditional sixty-day order was entered specifying that if the state failed to comply with the court's command, the case would automatically be dismissed with prejudice. This was agreed upon by defense counsel and the representative from the Office of the Attorney General, and the order was entered on November 30, 1982, setting January 24, 1983, as the deadline for compliance.

The Attorney General's office apparently overlooked or ignored the order since no records were furnished to defendant by the January 24, 1983 deadline. On January 26, 1983, in the presence of an attorney from the Attorney General's office, defense counsel made an oral motion for dismissal in the Newport County Superior Court based on the state's failure to comply with the November 23, 1982 order. The trial justice granted the motion and ordered the case dismissed, but the dismissal was stayed pending a hearing on the state's motion to vacate the January 26 order of dismissal. On April 5, 1983, after extensive argument by both the Attorney Gener-

al's office and defense counsel, the state's motion to vacate was denied.

Rule 16 is based largely upon its federal counterpart. *State v. Coelho*, R.I., 454 A.2d 241, 244 (1982). It was enacted under the assumption that "broader discovery by both the defense and the prosecution will contribute to the fair and efficient administration of criminal justice by aiding in informed plea negotiations, by minimizing the undesirable effect of surprise at trial, and by otherwise contributing to an accurate determination of the issue of guilt or innocence." Fed.R.Crim.P. 16, Advisory Committee Notes; *see State v. Coelho*, 454 A.2d at 244.

▆▆▆ "The imposition of any of the sanctions listed in Rule 16(i) is a matter addressed to the sound discretion of the trial justice." *State v. Sciarra*, R.I., 448 A.2d 1215, 1218 (1982) (citing *State v. Darcy*, R.I., 442 A.2d 900, 902 (1982); *State v. Silva*, 118 R.I. 408, 411, 374 A.2d 106, 108 (1977)). The exercise of such discretion demands a consideration of what is " 'right and equitable under all of the circumstances and the law.' " *State v. Sciarra*, 448 A.2d at 1218–19 (quoting *State v. Silva*, 118 R.I. at 411, 374 A.2d at 108.) Although Rule 16(i) provides specifically for various sanctions for noncompliance, a trial justice is clearly free, within the bounds of sound discretion, to enter any order he or she deems most appropriate.[1] We will not disturb a trial judge's action in this regard absent a clear showing that the trial justice abused his or her discretion. *State v. Coelho*, 454 A.2d at 245.

The state has failed to establish any abuse of discretion by the trial justice. Rule 16(i) allows a trial justice to enter an order compelling discovery, to grant a continuance to a party prejudiced by the untimely disclosure of discoverable material, or to exclude evidence not properly disclosed. In the present case, a previous order compelling discovery was not adequately complied with by the state. Since the case had not reached trial and since the records requested by defense counsel were never produced, a continuance was certainly not the proper sanction for the state's noncompliance. Finally, the records sought by defense counsel may well have contained exculpatory evidence, and thus the interests of justice, and the interests of defendant in particular, did not call for exclusion of any nondisclosed records.

▆▆▆ None of the sanctions specifically provided for in Rule 16(i) could possibly have neutralized the prejudice suffered by defendant, especially in light of the state's persistent refusal to comply with the court-ordered discovery. Accordingly, the trial justice availed himself of the Rule 16(i) provision authorizing a trial justice to enter any such order he or she deems appropriate. It is within the trial justice's discretion to impose a sanction for noncompliance with a criminal discovery order in light of the attendant circumstances of a given case. *State v. Silva*, 118 R.I. at 411, 374 A.2d at 108. We cannot say that the trial justice in the present case abused his discretion in this regard. *See State v. Darcy*, 442 A.2d at 902.[2]

---

**1.** Rule 16(i) of the Superior Court Rules of Criminal Procedure provides as follows:
"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, it may order such party to provide the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material which or testimony of a witness whose identity or statement were not disclosed, or it may enter such other order as it deems appropriate."

**2.** In addition, it is important to note that the state agreed to the sixty-day conditional order of dismissal during the pretrial conference of November 23, 1982. Although there is some disagreement over whether the state actually understood that order to call for dismissal with prejudice, we find most credible the remarks of the trial justice, set forth in note 3 *infra*, to the effect that all parties agreed to and understood the potential effect of the conditional order.

■ The state argues that any noncompliance with the November 23, 1982 order was inadvertent and that this fact should somehow affect our analysis. It does not. As we have stated before, "[I]t would be unfair to allow the state the tactical advantage of surprise gained by violating, *whether intentionally or unintentionally,* the rules of discovery." (Emphasis added.) *State v. Darcy,* 442 A.2d at 903.

■ In addition, the state claims that the assistant attorney general present in the courtroom on January 26, 1983, was not informed that an oral motion to dismiss the indictment would be heard on that day, and thus the state was not afforded an adequate opportunity to defend against the motion. However, that motion was a mere formality—no motion was necessary to have the indictment dismissed at that point, and thus no full hearing was appropriate. The November 23, 1982 sixty-day conditional order of dismissal was self-executing—it provided that the state's failure to produce the requested records by January 24, 1983, would result in automatic dismissal.[3] This court recognizes the validity of self-executing sanctions imposed by a trial justice as a result of noncompliance with criminal-discovery orders. *See State v. DiPrete,* R.I., 468 A.2d 262, 265 (1983).

Absent enforcement of such self-executing orders, "the sanctions would have no meaning, and parties would be allowed to ignore the discovery rules and orders issued pursuant to them." *State v. DiPrete,* 468 A.2d at 265. At any rate, the state obtained a stay of the dismissal and argued at length at the hearing on its motion to vacate the order. Thus, the state was not denied the opportunity to address the issue of noncompliance.

The state cites *United States v. Hemmer,* 729 F.2d 10 (1st Cir.1984) in support of the proposition that, to prevail on a motion to dismiss grounded on the government's failure to comply with a Rule 16 discovery order, a criminal defendant must establish that he has been prejudiced by such noncompliance. We do not disagree. *See State v. Concannon,* R.I., 457 A.2d 1350 (1983). However, *Hemmer* involved *late* state disclosure of requested materials. The defendant in *Hemmer* never requested a continuance and thus could not establish that he was prejudiced by the late disclosure. In the present case, *no* disclosure was made at all, and thus the state's noncompliance robbed defendant of the very tools needed to establish the requisite prejudice.

We hold that the trial justice did not abuse his discretion in dismissing the indictment because of the state's noncompliance with the Rule 16 discovery order.

For the reasons stated, the state's appeal is denied and dismissed, the order of dismissal entered below is hereby affirmed, and the case is remanded to the Superior Court.

---

3. At the hearing on April 5, 1983, on the state's motion to vacate the January 26, 1983 order of dismissal, the trial justice, referring to his November 23, 1982 decision ordering the state to produce certain records, stated as follows:

"We had a conference, in my chambers, in November of this year, a representative from the Attorney General's office was present. Mr. Nugent [defense counsel] was present, and I was present. It was agreed that Mr. Nugent was entitled to those psychiatric records. There might be some exculpatory evidence in there. There might not be. In any event, he was entitled to look at them. The representative of the Attorney General's office agreed to supply Mr. Nugent with those records. I didn't dismiss it on that day. I entered a conditional sixty-day Order. I said *if the State does not comply, does not give the* defendant those psychiatric records within sixty days, this case will automatically be dismissed with prejudice. Now, if that is not a self-executing Order, I don't know what is. * * It was agreed to by the Attorney General, agreed to by the defendant, and agreed to by myself. I signed that Order and entered it and there is no question, in my mind, that once that sixty days expired this case died." Bench Decision, April 5, 1983.