STATE

v.

Edward BERUBE et al.

No. 91–531–C.A.

Supreme Court of Rhode Island.

June 19, 1992.

James E. O'Neil, Atty. Gen., James Caruolo, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst, Atty. Gen., for plaintiff.

John Cicilline, Laura J. Pearce, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument May 7, 1992, pursuant to an order that had directed the parties to appear and show cause why this appeal should not be summarily decided. The defendants, Edward and Pauline Berube, have appealed from an order of the Superior Court declining to dismiss a criminal information on the ground of the bar against double jeopardy contained in the Federal and Rhode Island Constitutions. The factual basis for this appeal is as follows.

The defendants were charged by criminal information with three counts of obtaining money under false pretenses. They were alleged to have defrauded three parties by enticing them to enter into contracts for the purchase of modular homes. A jury-waived trial was conducted in the Superior Court beginning April 2, 1991, and proceeded for approximately one week.

After the state had completed its case in chief and while defendants were in the course of presenting their case, defendants learned that information had been presented to the office of the Attorney General that two subcontractors, namely, Sydney Pal (Pal) and James Math (Math), with whom defendants had entered into a relationship for production of the modular homes, had highly unfavorable records in the State of New York. Math had been suspended from the practice of law on the basis of certain misrepresentations and other improper and unprofessional conduct. Pal was under investigation for utilizing modular homes in furtherance of drug trafficking as well as for fraud. This allegedly exculpatory information was not disclosed to defendants until April 8, 1991.

The defendants moved to dismiss the case, and the state offered to agree to a continuance so that defendants might use this information as part of their defense. The trial justice indicated that she would review the documents relating to this disclosure in chambers and further stated that if defendants could show that they would have altered their defense in light of this information, they would be entitled to move for a mistrial. After reviewing the documents the trial justice reconvened the court session.

The defendants again moved for dismissal. The state objected, claiming that the failure to disclose this information was inadvertent. The state again offered to

agree to a continuance or a mistrial but indicated a preference for a continuance.

The trial justice found as a fact that the failure to disclose was inadvertent. She denied the motion to dismiss and declared a mistrial on the ground that a continuance would not offer defendants a sufficient opportunity to incorporate this information into their defense as efficiently as they could have done had they had this information before trial.

The defendants then moved before another justice of the Superior Court to bar a retrial on double jeopardy grounds, citing *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); and *State v. Torres*, 524 A.2d 1120 (R.I.1987). There is no question that all the foregoing cases hold that a mistrial in a criminal case may not be declared absent a showing of manifest necessity. The motion justice declined to dismiss the information and found that manifest necessity had been established.

In the case at bar the trial justice agreed with counsel for defendants that defendants had been placed at considerable disadvantage by reason of the failure of the state by inadvertence to disclose exculpatory information relating to Pal and Math. She declined to dismiss the information but was convinced that defendants should have a reasonable opportunity to incorporate this information into their defense without the haste that might be required upon a mere continuance.

This case bears an analogy to the case of *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), wherein a trial judge declared a mistrial when made aware that the indictment was defective. In *Somerville* the trial judge was presented with a dilemma. He realized that if the case was allowed to be tried to a conclusion, any conviction would be set aside on the ground of a defective indictment. Realizing this fact, he deemed that it would be an exercise in futility to attempt to conclude the trial. The Supreme Court of the United States, in an opinion by Justice Rehnquist, after reviewing all the prior cases on this topic, held that when the declaration of a mistrial implements a reasonable state policy and aborts a proceeding that at best would have produced a verdict that could have been upset at will by one of the parties, a defendant's interest in proceeding to a verdict is outweighed by the competing and equally legitimate demand for public justice. We are of the opinion that the case at bar presents such a situation. The failure to disclose would probably have allowed defendants to upset any judgment of conviction in light of such prior cases as *State v. Darcy*, 442 A.2d 900 (R.I.1982). Consequently the trial justice aborted a proceeding that would have been subject to being upset by one of the parties at will. It is notable that defendants asked for no relief save dismissal and did not indicate that a continuance would have served their purpose of preparation.

In the circumstances we believe that the motion justice who denied the motion to dismiss on double jeopardy grounds properly found that the trial justice acted out of manifest necessity. We should also note at this juncture that all the cases, both state and federal, which have barred a retrial after declaration of a mistrial have been jury cases. Although we do not hold that the barring of a retrial after the declaration of a mistrial is applicable only to jury cases, the doctrine has its greatest effect in a jury case since that is a tribunal that could never again be reassembled. In any event we conclude that the finding of manifest necessity by the motion justice was warranted in the circumstances of this case.

For the reasons stated, the defendants' appeal from the denial of their motion to dismiss on double jeopardy grounds is denied and dismissed. The order of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court for further proceedings.