STATE

v.

**Albert J. CARDOZA.**

No. 81–311–C.A.

Supreme Court of Rhode Island.

Sept. 2, 1983.

Dennis J. Roberts, II, Atty. Gen., Judith Crowell, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

The defendant, Albert Cardoza, was indicted by a grand jury on January 11, 1980.

Count 1 of the indictment charged that the defendant committed first-degree sexual assault on his stepdaughter in violation of G.L.1956 (1969 Reenactment) §§ 11–37–2, –3. Count 2 charged that the defendant engaged in acts of sexual penetration with a child over the age of thirteen years and under the age of sixteen years, in violation of §§ 11–37–6, –7. The case was tried before a justice of the Superior Court sitting with a jury which returned a verdict of guilty against the defendant on both counts. The defendant appealed.

The defendant was charged with sexual assault of his stepdaughter which occurred on September 9, 1979. She testified that this particular incident was not unusual. On that night, she went to bed at approximately 10 p.m., wearing shorts and a T-shirt. When she woke up, her stepfather was on top of her and her shorts were pulled off. Her stepfather was naked, and she "felt him moving inside" her. She pushed him off and told him to get away from her. The defendant then climbed off her bed and returned to his own bedroom.

The victim also testified to a history of sexual assaults perpetrated by her stepfather. When she was six years old, defendant took her into his bedroom, undressed her, and laid on top of her. When she was ten years old, defendant placed a quilt on the floor of his gas station's backroom and got on top of her "going back and forth." The defendant had sexual intercourse with the victim when she was thirteen years old. During the year between this first incident of sexual intercourse and the one for which defendant was indicted, the victim slept outside in a fort to avoid her stepfather. She woke up, however, to find her stepfather on top of her with his penis inside her vagina.

The victim's sister testified that when she was twelve years old, she woke up to find her stepfather undressing her. He proceeded to put his penis into her vagina. Subsequent to this incident, defendant had sexual intercourse with her in the backroom of his gas station.

The defendant raises three issues on appeal: (1) whether the trial justice erred in allowing the victim to testify about prior sexual assaults made upon her by defendant; (2) whether it was improper to allow the victim's sister to testify concerning similar sexual assaults made upon her by defendant; and (3) whether it was error to allow the victim's grandmother to testify that defendant sexually assaulted her.

I

The first issue we will address is whether the trial justice erred in allowing the victim to testify about prior sexual assaults made upon her by her stepfather.

■■■ Generally, in a prosecution for a specific crime, evidence of other crimes committed independently of the one charged is irrelevant and thus inadmissible. *State v. Jalette,* 119 R.I. 614, 624, 382 A.2d 526, 531 (1978) (*citing State v. Mastracchio,* 112 R.I. 487, 312 A.2d 190 (1973); *People v. Kelley,* 66 Cal.2d 232, 424 P.2d 947, 57 Cal. Rptr. 363, (1967)). This rule operates to prevent a jury from finding a defendant guilty based upon unrelated crimes rather than upon the evidence pertaining to the charged offense. *Id.* at 624, 382 A.2d at 532.

■■■ This court, however, recognizes exceptions to the rule where the prior crimes "are interwoven with the offense for which the defendant is being tried, or directly support a finding of guilty knowledge in the perpetration of that offense." *State v. Colangelo,* 55 R.I. 170, 174, 179 A. 147, 149 (1935). In addition, when an incident is connected with the charged offense and tends to establish "guilty knowledge, intent, motive, design, plan, scheme, system, or the like, is proper evidence." *Id.*

■■ This court addressed the prior-crimes issue pertaining to sexual assault cases in *State v. Jalette,* 119 R.I. 614, 382 A.2d 526 (1978). The *Jalette* court adopted the standard posited by *People v. Kelley,* 66 Cal.2d 232, 424 P.2d 947, 57 Cal.Rptr. 363 (1967) and held that "evidence of other not

too remote sex crimes with the particular person concerned in the crime on trial may be introduced to show the accused's 'lewd disposition or * * * intent' towards the person." *State v. Jalette,* 119 R.I. at 627, 382 A.2d at 533. (citing *People v. Kelley,* 66 Cal.2d at 240–43, 424 P.2d at 954–56, 57 Cal.Rptr. at 370–74). This type of evidence, however, should be used by the prosecution only when reasonably necessary and such evidence should be excluded if the trial justice believes it is purely cumulative and not essential to the state's case. *Id.* at 627, 382 A.2d at 533.

■ Applying these principles to the instant case, we find that the trial justice committed no error when he admitted the testimony of the victim concerning her stepfather's history of sexual assaults. The victim's testimony clearly falls within the *Jalette* standard as such evidence showed defendant's lewd disposition toward her. In addition, the trial justice determined that the victim's testimony was reasonably necessary to the prosecution's case.

## II

■ We now turn to defendant's second contention that the trial justice erred when he admitted the victim's sister's testimony. We have recently held that evidence of a defendant's sexual conduct with a child not named in the indictment will be admissible in an action charging a sexual offense against the named child when the uncharged conduct is "closely related in time, place, age, family relationships of the victims, and the form of the sexual acts." *State v. Pignolet,* 465 A.2d 176 at 181 (R.I.1983). Here, both children were stepdaughters. The defendant subjected them to the same abuse either in their home or at defendant's gas station. Finally, defendant sexually assaulted the two sisters during the same time period.

■ We also find that the first incident with the victim's sister which occurred five years before the charged offense, was not too remote in time to come within this exception. Rather, after examining the circumstances and the conduct of defendant, we find that it was part of defendant's continuing behavioral pattern of sexually abusing his stepdaughters within the same time period.

This court further held in *Pignolet* that such evidence will be relevant and admissible only if it is reasonably necessary for the state to meet its burden of proof and the evidence is presented to the jury with proper instructions. *State v. Pignolet,* 465 A.2d at 182.

In the instant case, the prosecution argued to the trial justice the necessity of the testimony and the trial justice made a determination to admit the testimony. Furthermore, the trial justice specifically cautioned the jurors regarding the "other offenses" evidence and reiterated that defendant was only on trial for the offense charged in the indictment and not for any other offenses. Thus, the trial justice committed no error when he admitted the testimony of the victim's sister.

## III

The third issue raised by defendant is whether the trial justice erred when he permitted the grandmother to testify concerning an incident occurring eight months prior to the charged offense. The defendant's mother-in-law testified that she was staying at the Cardoza home and sleeping in the victim's bed. The defendant, whom she at first thought was her daughter, entered the room. He proceeded to pick up the bedclothes and feel her leg from the ankle to above her knee. When she spoke, however, defendant drew away and left the room.

The defendant argues that evidence of this incident is irrelevant and does not fall within any exception as it is not connected with the charged offense, nor does it tend to establish a plan, scheme, or design. We agree.

As we stated earlier, evidence which indicates that defendant committed an independent crime, even if similar to the one charged, is irrelevant and thus, inadmissible. *State v. Jalette,* 119 R.I. at 624, 382 A.2d at 531 (citing *State v. Mastracchio,* 112 R.I. 487, 312 A.2d 190, (1973)). This principle reiterates the rule that prevents the state from initially introducing evidence of a defendant's bad character. *Id.* at 624, 382 A.2d at 532 (citing *State v. Guaraneri,* 59 R.I. 173, 194 A. 589 (1937)). This rule protects against the potential prejudice such evidence can have on a jury verdict where it is impossible to establish if the jury found a defendant guilty on the basis of unrelated crimes rather than on the evidence pertaining to the charged offense. *Spencer v. Texas,* 385 U.S. 554, 560, 87 S.Ct. 648, 652, 17 L.Ed.2d 606, 612 (1967).

Evidence of other distinct crimes, however, may be allowed if it is to establish material elements of the case such as intent or motive. *State v. Jalette,* 119 R.I. at 624, 382 A.2d at 533. Such evidence may be used only where reasonably necessary. *Id.* Furthermore, a trial court should exclude such evidence if it determines that the evidence is cumulative and not essential to the state's case. *Id.*

In the instant case, we conclude that defendant's sexual assault on the grandmother does not fall within the exception-to-the-prior-crimes rule. First, we find that such evidence is irrelevant where the prosecution is attempting to establish a behavioral pattern of a man who sexually abuses his stepchildren. Second, we find the grandmother's testimony cumulative and not necessary to the state's case. At trial both the victim and her sister were allowed to testify concerning the sexual abuse by their stepfather. There was absolutely no need for testimony of an unrelated and independent incident to prove any material element of the prosecution's case. Finally, we find the grandmother's testimony highly prejudicial in that it described an unrelated yet similar sexual incident and therefore could have been a basis for the jury's verdict. We therefore find that the trial justice committed reversible error when he admitted the grandmother's testimony.

The defendant's appeal is sustained, the judgment of conviction is vacated, and the case is remanded to the Superior Court.