STATE

v.

Earl Lee ENGRAM.

No. 82–392–C.A.

Supreme Court of Rhode Island.

July 5, 1984.

Dennis J. Roberts II, Atty. Gen., Marc DeSisto, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief, Appellate Division, Janice M. Weisfeld, Asst. Public Defenders, for defendant.

## OPINION

SHEA, Justice.

The defendant was convicted of assault with intent to commit first-degree sexual assault and entering a dwelling with intent to commit first-degree sexual assault after a jury trial in the Superior Court. He raises three issues on appeal—the trial justice's exclusion of the defendant's alibi witnesses because of noncompliance with Rule 16 of the Superior Court Rules of Criminal Procedure, the introduction of evidence concerning the defendant's arrest, and the trial justice's instructions on the defendant's privilege against self-incrimination. We affirm.

Jane Rodak was in her apartment when she heard a noise in the hallway. She opened the door to investigate and saw a man whom she did not recognize. She attempted to close the door, but the man pushed his way past her. He pulled her into the bedroom where one of her young children lay asleep in a crib. He shoved her onto the bed, put a pillow over her face, and started to disrobe her. The baby woke up, and Rodak began to scream. The man laid the baby back down in his crib and then began to choke Rodak. When he released her momentarily to allow her to remove her robe, she was able to run out of the apartment. The man followed her out of the apartment and grabbed her. The two struggled on the stairway. A neighbor heard Rodak's scream, saw her struggling, and yelled that she was calling the police. At that point the man released Rodak. She ran to the top of the stairs. Both Rodak and the neighbor identified defendant as the intruder.

After trial, the jury returned a verdict of guilty of assault with intent to commit first-degree sexual assault and entering a dwelling with intent to commit first-degree sexual assault. The defendant appealed.

### I

### RULE 16 VIOLATION

Before trial, defendant filed a motion pursuant to Super.R.Crim.P. 16(a) for discovery. The state then filed a request for discovery and alibi in accordance with Rule 16(b) and (c) and an answer to defendant's discovery request. The defendant's answer to the state's request concerning the alibi stated, "Defendant does not intend to rely upon the defense of alibi."

On the morning of trial, after the jurors had been selected but before they were sworn in, defense counsel sought to pro-

vide counsel for the state with supplemental discovery that included the names of three people who were to testify in support of defendant's proposed alibi. Defense counsel explained that he had only recently located these individuals. The state objected to the use of the proposed witnesses because of defendant's delay in informing the state of his intention to rely on an alibi defense. The trial justice ruled that it was incumbent upon defendant to notify the state, in accordance with Rule 16(c), prior to the morning of trial that he intended to rely on an alibi defense, even if defense counsel could not earlier have provided the names and addresses of the witnesses.

■ We begin our analysis by noting that the constitutional implications of sanctions that preclude evidence when applied to a criminal defendant are not before this court. The defendant did not present his objection based on the constitutional question to the trial justice, and therefore, we do not review the ruling on this ground.[1] We do review, however, to determine if the trial justice abused his discretion by excluding defendant's witnesses as a sanction for noncompliance with the discovery rules.

■ Rule 16 provides for reciprocal discovery—if defendant requests discovery from the state in a criminal proceeding, the state has the right to request the same from defendant. The defendant's obligation includes notifying the state of both his intention to rely on an alibi defense and the specific details of the alibi, including the names and addresses of proposed witnesses. Super.R.Crim.P. 16(c).[2]

This rule imposes a two-part requirement on a defendant who initially invokes the discovery rules. The defendant must notify the state of his intention to rely on an alibi and must also provide the names and addresses of witnesses who will be called to corroborate the alibi. Despite the fact that defense counsel was unsure of the whereabouts of the potential witnesses, he still had an obligation to inform the state of his intention to rely on an alibi. Defense counsel represented to the trial justice that he had in fact been trying to locate the witnesses before trial. This is not a case in which defense counsel was informed by defendant the morning of trial that he had an alibi. The defendant's failure to notify the state of his intention to rely on an alibi therefore represents a violation of the discovery rule.

■ In order to enforce the rules of discovery, the trial justice has the power to impose sanctions for noncompliance. The sanctions may include an order requiring the discovery, granting a continuance, prohibiting the party from introducing in evidence the material that was not disclosed, or entering any appropriate order. Super. R.Crim.P. 16(i).[3] The imposition of any of

---

1. Defense counsel, during oral arguments before this court, conceded that the constitutional issue could not be reached in this case because it was not raised in the trial court below.

2. Rule 16(c) of the Superior Court Rules of Criminal Procedure provides as follows:
   "Notice of Alibi. In the event a defendant seeks any discovery under subdivision (a) of this rule, then upon demand by the attorney for the State and delivery by him to the defendant of a written statement describing with specificity the date and time when the place where the offense charged is alleged to have occurred, the defendant, within twenty-one (21) days after receipt of such demand and particulars, shall give written notification whether he intends to rely in any way on the defense of alibi. If the defendant does so intend, the notice shall state with specificity the place at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call at the trial to establish such alibi. Within twenty-one (21) days after receipt of written notification of intent to rely on the defense of alibi, together with particulars thereof, the attorney for the State shall furnish to the defendant written notice of the names and addresses of the witnesses whom the State intends to call at the trial to establish defendant's presence at the place where and the time when the offense is alleged to have occurred."

3. Rule 16(i) provides as follows:
   "Failure to Comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, it may

these sanctions is a matter addressed to the sound discretion of the trial justice. *State v. Verlaque*, R.I., 465 A.2d 207, 213 (1983).

The trial justice in the present case chose to preclude defendant's proposed witnesses from testifying. He cited defendant's delay in providing the information, the fact that the jury had already been chosen, the lack of notice by defendant of even his intention to rely on an alibi defense, and the fact that the state's case would have to be substantially altered because of the new information.

The defendant points to two decisions in which this court held that the trial justice abused his discretion by precluding defense witnesses from testifying as a sanction for noncompliance with the discovery rules. In *State v. Silva*, 118 R.I. 408, 412, 374 A.2d 106, 109 (1977), defense counsel had substantially complied with the notice-of-alibi requirement. This court held that to exclude defendant's alibi when the defendant was at least in substantial compliance with the discovery rules was an abuse of discretion. In the present case, however, there was no substantial compliance with the rules. The defendant gave the state no indication that he intended to rely on an alibi until the jury had been selected and the trial was to begin. Indeed he had specifically stated that he would not rely upon an alibi defense.

In *State v. Sciarra*, R.I., 448 A.2d 1215, 1218–19 (1982), this court found that the trial justice had abused his discretion by precluding the defendant's expert from testifying. The state's initial answer to the defendant's discovery request, however, had been inadequate thereby precipitating the defendant's late notice to the state. In the case before us, the state filed a complete and timely answer to defendant's dis-

order such party to provide the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material which or testimony of a witness whose identity or statement were not disclosed, or it may enter such other order as it deems appropriate."

covery request. No actions by the state caused defendant to delay in notifying the state of his intention to rely on an alibi.

■ Considering all of these factors, we find that the trial justice did not abuse his discretion in precluding defendant's witnesses from testifying concerning the proposed alibi.

## II

### EVIDENCE OF ANOTHER CRIME

The defendant filed a pretrial motion in limine seeking to preclude the state from introducing the fact that after the incident involving Rodak, defendant was arrested in connection with another crime in the same neighborhood.[4] The trial justice denied the motion, stating that

"ordinarily, of course, evidence concerning the commission of another crime would not be permissible. But here you have these, you might say extraordinary circumstances of the closeness in time and the closeness in distance between the place of arrest. I think that the state makes a very valid point that it might be admissible for that limited purpose of indicating a common plan * * *."

During redirect-examination of the investigating police officer, the state asked whether defendant had been in custody with regard to another crime at the time a photograph was taken of him. The defendant's objection to this question was overruled by the trial justice.

■ Generally, evidence that a defendant has engaged in a crime independent of the charges for which he or she stands trial is irrelevant and inadmissible, *State v. Cardoza*, R.I., 465 A.2d 200, 202 (1983), even if it is criminal activity of the same kind as the charge on trial. *State v. Pignolet*, R.I., 465 A.2d 176, 179 (1983). This court has

4. The defendant was arrested approximately five hours after the incident involving Rodak in the house of another without whose consent he had allegedly entered.

recognized, however, that evidence of other crimes may be introduced in limited situations in order to establish "guilty knowledge, intent, motive, design, plan, scheme, system, or the like." *State v. Colangelo*, 55 R.I. 170, 174, 179 A. 147, 149 (1935). The trial justice therefore properly denied defendant's motion in limine in order to allow the state to introduce the evidence for *Colangelo* purposes.

The state, however, on redirect-examination did not establish a foundation for the introduction of the evidence concerning defendant's other alleged crime. The state introduced only the fact that defendant was in custody with regard to another matter. No facts or circumstances surrounding the other alleged crime were introduced in order to show defendant's guilty knowledge, intent, motive, plan, or common scheme. Because this foundation was not established, the question objected to should not have been allowed at that point.

Upon review of the entire record, however, we find that the improper question did not prejudice defendant. The only issue at trial was whether it was defendant who had assaulted Rodak. The defendant did not contest the fact that Rodak was assaulted. Rodak identified defendant as her assailant on three separate occasions— first from a group of seven photographs, later from an in-person lineup, and again while she was on the stand during the trial. She also identified clothing taken from defendant's apartment as that worn by her assailant. Further, the witness to a portion of the incident also identified defendant from the photographic display and in the courtroom during trial. The single question was therefore not so prejudicial under these circumstances when compared with other overwhelming evidence of guilt, as to warrant reversal of the conviction.

## III

### JURY INSTRUCTIONS CONCERNING PRIVILEGE AGAINST SELF-INCRIMINATION

The defendant's final issue on appeal concerns the trial justice's instruction on defendant's privilege against self-incrimination. At the close of the case, in his charge to the jury the trial justice gave the following instruction:

"The defendant doesn't have to testify in a criminal case because of the constitutional provision that says no person shall be required to incriminate himself. A prosecutor can call to the witness stand practically anybody in the world who knows anything about the case, but he is not permitted to call the defendant. And if a defendant does not testify, he is merely exercising his legal right that is given to you and to me and everybody else. And if he doesn't testify, the jury is not permitted to draw any unfavorable inference against him because of his failure to testify."

The defendant objected to this portion of the instruction, claiming that it would lead the jurors to infer that had defendant testified, he would have incriminated himself.

The Fifth and Fourteenth Amendments to the United States Constitution and art. I, sec. 10, of the Rhode Island Constitution guarantee that no adverse inferences are to be drawn from the exercise of a defendant's privilege against self-incrimination. *Griffin v. California*, 380 U.S. 609, 614, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106, 110 (1965). An instruction therefore that states only that a defendant does not have to testify because no person shall be required to incriminate himself or herself may, under other circumstances, be violative of defendant's constitutional rights. However, in this case, the jury instruction was much more complete. It also stated that a defendant never has to prove his innocence, that a jury is not permitted to draw unfavorable inferences against a defendant who does not testify, and that a defendant is presumed to be innocent.

Although the single statement that a defendant does not have to testify because he is not required to incriminate himself

should be avoided because of possible improper adverse inferences, we believe that the instructions in this case read in their entirety adequately protect the defendant's constitutional rights.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.