**STATE**

v.

**Stephen M. MULCAHEY.**

**No. 99–204–C.A.**

Supreme Court of Rhode Island.

Dec. 18, 2000.

Annie Goldberg, Aaron L. Weisman, Providence, for Plaintiff.

Catherine A. Gibran, Paula Rosin, Providence, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Stephen M. Mulcahey (defendant or Mulcahey), appeals from a conviction of third-degree sexual assault in violation of G.L.1956 § 11–37–6. The Superior Court convicted Mulcahey of engaging in consensual sexual intercourse with his fifteen-year-old girlfriend when she was just a month or so shy of her sixteenth birthday. He received a five-year suspended sentence with probation.

The sole issue on appeal involves whether the trial justice erred when he denied Mulcahey's *in limine* motion to exclude the prosecution's evidence that his girlfriend had engaged in an uncharged act of oral sex with him a few months before the charged misconduct occurred and that Mulcahey had bragged about it to one of his friends.

The central issue at trial was the date Mulcahey and his girlfriend engaged in sexual intercourse relative to her sixteenth birthday. The girlfriend testified that in May 1996, when she was fifteen years old, her family—particularly her father—had befriended defendant, and that he very quickly became a close friend of the family. Mulcahey was twenty-three years old at the time and lived nearby. He started participating in various activities with his girlfriend's family, including cookouts and fishing trips with the girlfriend and her father. The defendant's girlfriend lived in a household that included not only her father, but also her father's girlfriend and the daughter of her father's girlfriend.

According to defendant's girlfriend, by the summer of 1996, she and defendant had become "very, very, very close." She admitted that their sexual relationship was

consensual. Often she would sneak out of her house or skip school to be with defendant at his apartment. In September 1996, she testified, they engaged in oral sex, and, by November 1996, they had engaged in sexual intercourse. Both events occurred at defendant's apartment. The girlfriend whose sixteenth birthday occurred on December 12, 1996 remembered that they had engaged in intercourse before that day because on her birthday, defendant gave her a silver ring but told her that he was seeing someone else.

The defendant testified and admitted that his girlfriend had engaged in oral sex with him in September 1996, but he asserted that he had never bragged to any of his friends about it. The defendant admitted to having had sexual intercourse with his girlfriend, but he said it happened a week or two after her sixteenth birthday. Jeffrey Flynn, a friend of defendant, testified that he was at defendant's apartment one day in September 1996 when defendant bragged to him about just having received oral sex from his girlfriend, who had been present in defendant's apartment. Another witness also testified that she was friendly with defendant in the fall of 1996 and that defendant had admitted to her that he had sexual relations with his girlfriend in late November or early December, before the girlfriend's sixteenth birthday.

On appeal, defendant raises a single issue: whether the trial justice erred by failing to grant his motion *in limine* to exclude Flynn's testimony that defendant had bragged to him about having received oral sex from his girlfriend. The defendant suggests that this evidence was highly prejudicial and had no bearing on the timing of the couple's admitted sexual intercourse. Indeed, the defendant argues that the evidence was not "reasonably necessary" to prove the crucial element in this case.

In denying defendant's motion *in limine*, the trial justice reasoned that this

evidence—indicating that several months before the girlfriend's sixteenth birthday defendant had bragged about engaging in oral sex with her—was highly probative of whether, after this incident, but before she turned sixteen years of age, they also had engaged in sexual intercourse.

■ Admission of uncharged sexual misconduct evidence under Rule 404(b) of the Rhode Island Rules of Evidence is a decision left to the exercise of the trial court's sound discretion. *See State v. Hopkins,* 698 A.2d 183, 186 (R.I.1997). In *State v. Cardoza,* 465 A.2d 200, 203 (R.I. 1983), we applied the "lewd[-]disposition" rule of *State v. Jalette,* 119 R.I. 614, 382 A.2d 526 (1978), to allow evidence to be admitted during the accused's trial concerning uncharged sexual acts committed by the accused against the victim. *See also State v. Gomes,* 690 A.2d 310, 316 (R.I.1997). In this case, Flynn's testimony concerning an act of oral sex between the victim and the accused that took place a few months before the girlfriend turned sixteen was probative because it demonstrated defendant's lack of regard for his girlfriend's underage status when he engaged in sexual activity with her. Also, it showed defendant's lewd disposition towards his girlfriend when she was under the age of consent and how he had allowed their relationship to accelerate to a higher level of sexual intimacy, notwithstanding the girlfriend's tender age. In *State v. Parkhurst,* 706 A.2d 412, 424 (R.I.1998), this Court noted that "[t]he mere fact that such evidence is prejudicial to a defendant does not render it inadmissible."

■ We are also convinced that this evidence was "reasonably necessary" to the prosecution's case. As the *Jalette* court was careful to note, uncharged "bad acts" evidence poses a substantial risk to an accused's right to a fair trial. Hence, such evidence "should be sparingly used by the prosecution and only when reasonably necessary.* * * The trial court should exclude such evidence if it believes

it is purely cumulative and not essential to the prosecution's case." *Jalette*, 119 R.I. at 627, 382 A.2d at 533. Here, Flynn's testimony was highly probative of the only disputed issue in the case, namely, whether the charged conduct did in fact occur before the girlfriend's sixteenth birthday.

█ Finally, it is also important to note that the defense concedes that the trial justice "gave an appropriate limiting instruction on the jury's proper use of other misconduct evidence." *Cf. id.* at 627–28, 382 A.2d at 533–34 ("Assuming that evidence of other crimes will be admitted, attention should be paid to the manner in which this evidence is presented to the jury."). To the extent that defendant's argument rests upon the proposition that *Jalette*'s "lewd[-]disposition" rule should not apply to a case in which, as here, the defendant's intent was not at issue, we reject such a cramped reading of the rule. *See* Rule 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. *It may, however, be admissible for other purposes* * * *."). (Emphasis added.) Since *Jalette*, this Court has upheld the admission of uncharged acts of sexual misconduct against the victim to establish the perpetrator's "lewd disposition" toward that victim under circumstances that are relevant to proving the charged act of sexual misconduct. Here, the uncharged act of oral sex was relevant in proving defendant's "lewd disposition" toward the girlfriend before her sixteenth birthday. *See Hopkins*, 698 A.2d at 186–87; *State v. Quattrocchi*, 681 A.2d 879, 884–87 (R.I.1996); *Cardoza*, 465 A.2d at 202–03.

For these reasons, we hold that the trial justice did not err in allowing testimony regarding an uncharged act of oral sexual contact between the defendant and his girlfriend to be admitted into evidence. We therefore deny the defendant's appeal and affirm his conviction.