STATE

v.

**Richard A. LaCHAPELLE.**

No. 92–648–C.A..

Supreme Court of Rhode Island.

March 9, 1994.

Andrew Berg, Sp. Asst. Atty. Gen. and Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Paula Rosin, Asst. Public Defender, Barbara Hurst, Chief Appellate Atty. and Richard M. Casparian, Public Defender, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before the court on the appeal of the defendant, Richard A. LaChapelle (defendant), from a judgment of conviction of three counts of second-degree sexual assault of a minor. The defendant raises two issues on appeal. First, the defendant challenges the jury instructions, claiming that the trial justice failed adequately to instruct the jurors regarding their consideration of evidence not set forth in the bill of particulars. Second, the defendant challenges the denial of his motion for mistrial, claiming that the state's failure to disclose pursuant to discovery requests a certain statement allegedly made by the defendant warranted granting a mistrial. We affirm the judgment of conviction. The facts relevant to the defendant's appeal are as follows.

The defendant was an assistant Scout master for a Boy Scout troop in Andover, Massachusetts. Eleven-year-old Dennis,[1] a member of the Scout troop, had known defendant for at least three years when defendant invited Dennis to accompany him on a weekend trip to New Shoreham, Rhode Island (Block Island). With the consent of his parents, Dennis accompanied defendant to Block Island on July 11, 1986. Upon their arrival defendant and Dennis checked into a hotel. Later that evening defendant showed Dennis a deck of UNO cards and asked if he would like to play strip UNO. After Dennis agreed, defendant then added a rule that the winner was entitled to tickle the loser once he was naked. After losing several hands, Dennis was completely naked and defendant proceeded to tickle Dennis according to game

---

1. We have used a pseudonym for the minor victim in this case.

rules. In the course of the tickling, defendant fondled Dennis's genitals. The defendant proceeded to lose the next several hands and when he was naked, at defendant's request, Dennis tickled defendant and fondled defendant's genitals. Dennis and defendant played several more rounds of strip UNO followed by tickling before the two went to sleep that evening.

The next evening defendant and Dennis played strip poker, which was similar to the strip-UNO game previously played, and engaged in the same fondling activity as on the prior evening. On the following morning Dennis awoke to find his pajama pants pulled down to his knees and defendant stroking Dennis's genitals.

Later that day defendant and Dennis again played strip poker, and after several hands, defendant asked Dennis if he knew what an ejaculation was. The defendant then offered Dennis fifty cents to stimulate defendant to ejaculation manually, which Dennis proceeded to do. The defendant and Dennis continued to play several more hands of cards before returning home. Before defendant dropped Dennis off at his home, he warned Dennis not to discuss the sexual conduct surrounding the card games with anyone. Out of fear, as well as embarrassment, Dennis refrained from telling anyone until December 1988 what defendant had done to him during the trip to Block Island.

The defendant was charged with three counts of second-degree child molestation of a person under thirteen years of age, and the jury convicted defendant on all three counts.

I

Challenge to the Jury Instructions

■ Upon appeal, defendant alleges that the trial justice committed reversible error by failing to instruct the jury that evidence of sexual conduct not listed in the bill of particulars could not be considered as proof of the charges against him. In support of his position, defendant points out that the bill of

particulars produced by the state identified the offensive sexual contact as a touching of Dennis's body by defendant. No mention was made in the bill of any reciprocal touching of defendant's body by Dennis. Yet, defendant asserts, at trial Dennis testified that he had fondled defendant's body several times.[2] Furthermore, defendant asserts, in his charge the trial justice defined the element of "sexual contact" as the intentional touching of either the victim's or the accused's intimate parts. Because of this extrinsic evidence and over-inclusive definition, defendant argues that an express instruction was necessary prohibiting the jury from using evidence that Dennis touched defendant's body, which evidence was outside the bill, as a basis for a conviction. We are not persuaded by defendant's argument.

■ As we have discussed on prior occasions, the function of a bill of particulars is to apprise a defendant of the evidentiary details establishing the facts of the offense when such facts have not been included in the indictment or information. *See, e.g., State v. Collins,* 543 A.2d 641, 654 (R.I.1988); *see also* John A. MacFadyen & Barbara Hurst, *Rhode Island Criminal Procedure,* ch. 7 at 66–69, ch. 16 at 190–91 (1988); Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 19.4(a) at 823–24 (2nd ed.1992). The primary purpose of the bill is to avoid prejudicial surprise at trial. *See, e.g., State v. Gerald Brown,* 626 A.2d 228, 231 (R.I.1993).

We have discussed the relationship between a bill of particulars and jury instructions in two recent cases. First, in *State v. Edmond Brown,* 574 A.2d 745 (R.I.1990), we held that the trial justice erred in instructing the jury that a conviction for child molestation could be based upon a finding of penetration "by any object" when three instrumentalities of penetration were identified in a bill of particulars but a fourth was revealed at trial. We observed that even though the bill "restricted the state to reliance upon the three instrumentalities alleged therein," the trial justice negated this restriction by his

2. We note that defendant failed to object to the admission of this evidence and in fact elicited the exact same information from Dennis on cross-examination. Although these facts do not preclude defendant's objections to the trial justice's instructions, they do dilute the persuasiveness of his argument to an extent.

broad charge that allowed the jury to consider the fourth instrumentality not set forth in the bill. *Id.* at 748–49.

Second, in *Gerald Brown,* the bill of particulars alleged vaginal penetration, but testimony of both vaginal and rectal penetration was adduced at trial. Distinguishing the jury instructions from those of the *Edmond Brown* case, we held that the trial justice "properly instructed the members of the jury that in order to convict defendant, they had to find vaginal penetration, the precise charge set forth in the bill of particulars." 626 A.2d at 232.

■ From these two cases we extract the general rule that when a bill of particulars is produced but extraneous evidence is nevertheless admitted at trial, the trial justice must charge the jurors in a manner that makes clear that in order to convict the defendant, they must find the precise charge set forth in the bill.

Upon reviewing the entire charge in the case at hand, we determine that the trial justice did just that. We note that at the outset of the charge the trial justice identified the sexual contact alleged by the state as defendant's "touching certain parts of the body of [Dennis]." Likewise, the verdict sheet read to the jury by the trial justice identified the offense as a "sexual assault on [Dennis]." Immediately thereafter, the trial justice again stressed that "the allegations of

the state is [sic] that on these dates the Defendant allegedly touched the intimate parts of [Dennis]." [3] Taken as a whole, we conclude that the trial justice's instructions made quite clear to the jurors that they could only convict defendant for touching Dennis and not for making Dennis touch him. Rather than negate the effect of the bill as in the *Edmond Brown* case, the instructions here reinforced the limitations of the bill as in the *Gerald Brown* case. Thus we reject defendant's argument in respect to this issue.

■ In so holding, we also reject defendant's contention that the statutory definition of sexual contact incorporated into the charge negated the limitations of both the bill and other elements of the charge. Upon hearing the limiting instructions of the trial justice both before and after the definition, the reasonable juror would have understood that although the statutory definition included a touching of both the victim's and the accused's body, only a touching of the victim's body was alleged in this case. *See State v. Caruolo,* 524 A.2d 575, 582 (R.I.1987) (challenged instruction viewed in light of entire charge and as a reasonable juror would). To suggest that the jury would blindly apply the statutory definition, despite three instructions by the trial justice to the contrary, "would only support the assumption that jurors are unable to perform the simplest task that may be submitted to them." *State v.*

---

3. The challenged portion of the trial justice's charge is set forth in pertinent part below.

"[T]he Defendant is charged with what we call second degree child molestation on [Dennis] * * *. What the State is contending is or at least the evidence that was introduced was that there was a sexual contact on three different nights, the 11th, 12th and 13th. Again if my recollection of the facts [is] contrary to what you recall, it's your recollection that counts. But we have allegedly three different days where there was sexual contact. The state is alleging that sexual contact resulted from [defendant's] touching certain parts of the body of [Dennis].

[Trial justice proceeds to outline and define the two elements of the offense, a victim under thirteen years old and sexual contact.]

"Now [as to the element of] sexual contact. The statute defines sexual contact as the intentional touching of the victim's or accused [*sic*] intimate parts, clothed or unclothed, if that intentional touching can reasonably be con-

strued as intended by the accused to be for the purpose of sexual arousal, gratification or assault. * * * Now in order to assist you I am going to give you what we call a verdict sheet and there are three questions, the first relates to one of the Counts, the second to the second Count, and the third to the third Count, and the questions are self-explanatory. I will give you an example. I will give you question one, it says, 'As to the charge in the information which the Defendant, Richard LaChapelle, is charged with second degree child molestation, sexual assault on [Dennis], on the [aforementioned dates], how do you find the Defendant?' And on your behalf the foreperson will mark guilty or not guilty. We will go into that a little later on about [*sic*] the voting. And the second Count refers to the July 12th date, and the third Count refers to the July 13th. And keep in mind that the allegations of the State is that on these dates the Defendant allegedly touched the intimate parts of [Dennis]."

*Cassey,* 543 A.2d 670, 678 (R.I.1988). We therefore hold that inclusion of the statutory definition "did not cause any reasonable likelihood of prejudicial misunderstanding or confusion" on the part of the jury. *Id.* at 680.

■ We also reject defendant's argument that the trial justice should have given an additional instruction that expressly prohibited consideration of evidence that Dennis had touched defendant. As we have stated in prior decisions, as long as a charge adequately covers a requested instruction, a trial justice need not give an additional instruction in the precise language requested by a party. *See State v. Tooher,* 542 A.2d 1084, 1088 (R.I.1988); *State v. Burke,* 522 A.2d 725, 736 (R.I.1987). We believe the jury was sufficiently apprised of the evidence upon which a verdict could and could not be based, with the prohibitions inferred from the express language, sequence, and context of the entire charge. Consequently we conclude that the substance of defendant's requested instruction had in fact already been conveyed to the jury and that an additional instruction in the precise language requested by defendant was not required. *See State v. Collins,* 543 A.2d 641, 655–56 (R.I.1988).

## II

### Challenge to the Denial of the Motion for Mistrial

■ The defendant also cites as error the trial justice's denial of his motion to pass the case and declare a mistrial. The motion was based upon an alleged violation by the state of Rule 16 of the Superior Court Rules of Criminal Procedure. The facts related to the alleged violation of Rule 16 are as follows.

Prior to trial, defendant's counsel filed a motion pursuant to Rule 16 in which he requested the opportunity to inspect and copy various items in the state's possession, including statements of defendant and all witnesses or, if none existed, written summaries of oral statements of defendant and expected testimony of witnesses. It is undisputed that defendant received substantial discovery material from the state, including a transcript of an interview of Dennis by the

chief of police of the town of New Shoreham (police interview) discussing the incidents involving defendant on the weekend of July 11, 1986. On various occasions the state updated by amendment and retraction portions of Dennis's statements given in the police interview. One of the incidents discussed in the police interview involved the manual stimulation to ejaculation of defendant by Dennis. In regard to the details of this incident, Dennis stated that while in their hotel room defendant offered him fifty cents to cause defendant to ejaculate and that Dennis complied with the request, thereafter receiving the money.

In a discussion with the prosecutor on the eve of trial, Dennis recalled an additional detail surrounding the ejaculation incident that was not reflected in the police interview. Dennis recalled that after making the fifty-cents proposition to him, defendant asked Dennis, "Do you know what an ejaculation is?" The prosecutor did not disclose to defendant this newly recalled detail.

The defendant, however, made no objection to the state's reference to this question during its opening or its eliciting of the statement on direct examination. In fact defendant again brought out this precise information from Dennis on cross-examination. Immediately thereafter, however, defendant requested a sidebar conference and moved for a mistrial on the ground that the state had failed to disclose this information pursuant to defendant's discovery requests. When asked how defendant would have utilized this question if previously disclosed, defendant only responded that "[t]here have been a variety of inconsistent statements. * * * Another inconsistent statement provided to me before trial would have been a benefit."

Finding absolutely no prejudice to defendant, the trial justice denied the motion for a mistrial but offered to continue the case, thereby giving defendant an opportunity to reassess his trial strategy. The defendant then alternatively requested that the question be struck and a limiting instruction given. The trial justice struck the question and gave a limiting instruction after ordering a short continuance.

Upon appeal, defendant claims that the state violated Rule 16 by failing to disclose, once it was recalled by Dennis, the question, "Do you know what an ejaculation is?" The defendant argues that the state is obligated under subsection (a)(1) of Rule 16 to disclose "any and all statements made by the defendant," regardless of whether the state has already summarized such a statement pursuant to subsection (a)(7). The state disagrees, arguing that it discharged its discovery obligations by providing defendant with a witness statement in which was discussed the ejaculation of defendant by Dennis. The question, the state claims, was a "peripheral detail" of the ejaculation incident, which did not need to be disclosed under subsection (a)(1). We agree with the state and reject defendant's strained reading of Rule 16(a)(1).

Resolution of this issue requires determining, first, whether a Rule 16 violation occurred and, second, if so, whether the trial justice abused his discretion in fashioning a remedy. *See State v. Powers*, 526 A.2d 489, 491–94 (R.I.1987); *State v. Darcy*, 442 A.2d 900, 902 (R.I.1982).

■ Accordingly, we begin our analysis by examining the requirements of Rule 16. Rule 16(a) requires the state to allow a defendant on written request to inspect or listen to and copy:

"(1) all relevant written or recorded statements or confessions, signed or unsigned, or written summaries of oral statements or confessions made by the defendant, or copies thereof;

\*      \*      \*      \*      \*      \*

"(7) as to those persons whom the State expects to call as witnesses at the trial * * * all written or recorded verbatim

statements, signed or unsigned, of such persons and, if no such testimony or statement of a witness is in the possession of the State, a summary of the testimony such person is expected to give at the trial."

*State v. Darcy*, 442 A.2d at 902–03 and *State v. Powers*, 526 A.2d at 494, stand for the proposition that the state must provide honest and candid answers to a defendant's Rule 16 discovery request. In light of this principle we have interpreted Rule 16(a)(1) and 16(a)(7) [4] to mean that the state's response to discovery must disclose all relevant information covered by defendant's request. *State v. Concannon*, 457 A.2d 1350, 1352–53 (R.I.1983); *State v. Diaz*, 456 A.2d 256, 258 (R.I.1983); *State v. Darcy*, 442 A.2d at 902–03. In cases in which the state is aware of either relevant oral statements of a defendant or oral testimony or statements of a witness that have not been reduced to writing, we interpret the rule to require the state to summarize such statements or testimony in its discovery response.[5]

■ As recognized in subsection (h) of Rule 16, the state's disclosure obligation does not end upon the tendering of an initial discovery response. On the contrary, Rule 16(h) imposes upon the state a continuing duty to disclose relevant information up to and during the trial itself. Rule 16(h) provides that "[i]f, subsequent to compliance with a request for discovery or with an order issued pursuant to this rule, and prior to or during trial, a party discovers additional material previously requested which is subject to discovery or inspection under this rule, he or she shall promptly notify the other party of the existence thereof."

In addition, the holding in *State v. Rudacevsky*, 446 A.2d 738 (R.I.1982), is not inconsistent with the holdings of *Darcy* and *Powers*. In *Rudacevsky* we narrowly interpreted the defendant's request for an "inspection" of various written or recorded statements or confessions. Obviously it is not possible to inspect a document or summary that does not exist. However, upon reflection, we caution the state against such narrow interpretations, even of "inspection" requests, in the future. The duty to make an honest and candid response to discovery requests should not be diluted by semantic gymnastics.

---

4. We recognize that in some cases, such as the instant case, in which a witness recounts a statement made by a defendant, both subsections (1) and (7) of Rule 16(a) of the Superior Court Rules of Criminal Procedure may be implicated.

5. To hold otherwise would invite abuse from police and prosecutors alike by encouraging the exclusion of a defendant's oral statements from police reports and the like. *See* John A. MacFadyen & Barbara Hurst, *Rhode Island Criminal Procedure* ch. 16 at 167 n. 3a (1988).

As applied to situations involving a witness's postdisclosure recollection of an additional statement by a defendant, the rule requires a supplemental disclosure only if the statement is "subject to discovery or inspection under [the] rule." *Id.*

This means that if the state would have been required to summarize the statement in its initial discovery response, had the state known about it at that point, then supplementation is necessary. *See State v. Diaz,* 456 A.2d at 257–58.

In *Diaz,* which involved charges of second-degree murder, we held that the state had violated its disclosure obligations when the prosecutor failed to reveal to the defendant a witness's recollection ten days before trial of a statement allegedly made by the defendant, which statement proved to be the state's only direct evidence of premeditation. We held that the state should have disclosed the statement because it directly related to a prima-facie element of the state's case and was the sole source of evidence concerning the crucial element of premeditation. As we noted, there was "nothing in the state's cryptic summary of [the witness's] proposed testimony which would have alerted defense counsel to the fact that [the witness] was going to testify about * * * evidence of premeditation." *Id.* at 258. Obviously if the prosecutor had been aware of the statement at the time he prepared that state's discovery response, he would have been required under either subsection (1) or (7) of Rule 16(a) to summarize the statement.

Applying the above principles to the case at bar, we hold that the state was not required to supplement its initial discovery response upon learning of the question, "Do you know what an ejaculation is?" In reaching this conclusion, we ask whether the state would have been required to summarize this question if it had been recalled by Dennis initially. We answer this question in the negative. Looking to the ordinary meaning of the word, a "summary" is a "[b]rief statement of leading points of argument" and a "concise review." Webster Universal Dictionary 1495 (Unabr. Int'l Ed.1970). As this definition is applied to discovery responses, we hold that a summary must contain at a minimum the principal aspects and main points of relevant oral statements of a defendant or testimony of a witness. The state need not document verbatim every sentence recalled by a witness as being uttered by a defendant. Nor does every trifling detail or minutia of oral statements or testimony need to be disclosed. *Cf. State v. Woodson,* 551 A.2d 1187, 1192 (R.I.1988) ("detailed narration" not required in witness's statement); *State v. Bassett,* 447 A.2d 371, 377 (R.I.1982) ("[c]learly, a request for a summary of testimony does not encompass everything a witness may have said to law-enforcement authorities").

In this case the transcript of the police interview with Dennis disclosed the ejaculation incident. The question, "Do you know what an ejaculation is?" can fairly be characterized as a peripheral detail of the incident, not a main point of either defendant's statements or Dennis's testimony. Furthermore, inclusion of the question would have only revealed to defendant information that could have easily and logically been inferred from the information already disclosed. This was not a case of a cryptic summary as in *Diaz.* Nor did it involve new inculpatory evidence that defendant had to counter by way of cross-examination. *See State v. Darcy,* 442 A.2d at 902. As defense counsel concedes, the undisclosed question would have merely been cumulative for impeachment purposes. *See State v. Bassett,* 447 A.2d at 377.

On the basis of the foregoing, we conclude that the state did not violate Rule 16. Finding no violation, we do not reach the second question in our analysis relating to whether the trial justice abused his discretion in fashioning a remedy.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed, and the papers of the case are remanded to the Superior Court.