STATE

v.

George SOREL.

No. 94–248–C.A.

Supreme Court of Rhode Island.

April 11, 1995.

Jeffrey Pine, Atty. Gen., Jodie Gladstone, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Louis B. Cappuccio, Jr., Westerly, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on March 13, 1995, pursuant to an order directing both the state and the defendant to show cause why the issues raised in this appeal should not be summarily decided. The defendant has appealed from a judgment of conviction in Superior Court of two counts of first-degree child molestation and two counts of second-degree child molestation. The defendant was sentenced to ten years on each count with five years to serve and five years suspended.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The appeal will be decided on the merits at this time.

The defendant was convicted of sexually assaulting the victim when she was eleven years old. At the time of the alleged assault, defendant resided with the victim and her mother. At the end of the trial while the jury was deliberating, defendant was informed for the first time that the victim had a juvenile police record. The defendant subsequently filed a motion for a new trial on the grounds of newly discovered evidence. He argued that the use of the prior juvenile conviction for impeaching the credibility of the victim during cross-examination would have made a major difference in this case. The trial justice subsequently denied the motion for a new trial and defendant has appealed.

In *State v. Hernandez*, 641 A.2d 62, 72 (R.I.1994), this court said, "When a motion for a new trial is based on newly discovered evidence, that evidence must satisfy a two-pronged test." The first prong consists of the following four parts:

"(1) it must be newly discovered since trial,

"(2) the defendant must have been diligent in his or her attempts to discover the evidence for use at the original trial,

"(3) the evidence must not be merely cumulative or impeaching, but rather it must be material to the issue, and

"(4) the newly discovered evidence must be the type that would probably change the verdict at the new trial." *Id.*

"If this four-pronged threshold analysis is satisfied, the trial justice must then determine whether the newly discovered evidence is 'credible enough to warrant a new trial.'" *Id.*

In *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the United States Supreme Court ruled that the right of confrontation is paramount to the state's policy of protecting the anonymity of a juvenile offender. The court further ruled that cross-examination is one of the safeguards essential to a fair trial, and "is the principal means by which the believability of a witness and the truth of his [or her] testimony are tested." *Id.* at 316, 94 S.Ct. at 1110, 39 L.Ed.2d at 353.

We agree with the state that the juvenile record of the victim was not discoverable under Rule 16 of the Superior Court Rules of Criminal Procedure. However, if defendant had been originally informed of the existence of the record he could have taken appropriate steps in the Family Court to have the record made available to him.

There is no claim that the prosecutor in the case concealed the record deliberately. It appears that he made defendant aware of the record as soon as he learned of it. However, once that information was given to defendant, it could not be swept under the rug. No one at this time knows what is in the record and it was pure speculation for the trial justice to say it probably would have made no difference.

In *Davis v. Alaska,* the defendant was denied his Sixth Amendment right of confrontation. In the instant case the defendant was also denied his right of confrontation. Therefore, the defendant is entitled to a new trial.

For these reasons the defendant's appeal is sustained, the judgment of conviction appealed from is vacated, and the papers of the case are remanded to the Superior Court for a new trial.