**STATE**

v.

**George SOREL.**

**No. 97–570–C.A.**

Supreme Court of Rhode Island.

Feb. 21, 2000.

Virginia M. McGinn, Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on January 26, 2000, pursuant to an order that directed the defendant, George Sorel, to show cause why his appeal should not be summarily decided. The defendant has appealed from a judgment of conviction on two counts of first-degree child molestation and two counts of second-degree child molestation. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

This is defendant's second appeal. Upon his first conviction on the above-mentioned counts, defendant was sentenced to ten years on each count, with five years to serve and five years suspended. *State v. Sorel,* 658 A.2d 505 (R.I.1995) (per curiam). On appeal, we vacated the conviction and remanded the case to the Superior Court for a new trial on grounds that defendant was denied his right of confrontation because he did not have an opportunity to cross-examine the juvenile victim on the then-newly discovered evi-

dence of her juvenile police record. *Id.* at 506. The second trial, before a different justice, also resulted in a guilty verdict. The defendant failed to appear for his sentencing hearing on January 10, 1997, and was later arrested in the State of Colorado.[1] On July 22, 1997, defendant was sentenced to twenty-five years, twelve to serve, the remainder suspended with probation, and he appealed.

■ The defendant argued on appeal that the trial justice abused his discretion by imposing a sentence significantly longer than the sentence imposed in the first trial. Assuming this issue is properly before us,[2] we hold that the trial justice acted within his discretion in imposing the sentence on the basis of the substantial evidence of defendant's guilt. The trial justice appropriately considered factors subsequent to the first trial, such as defendant's flight, that shed light upon defendant's " 'life, health, habits, conduct, and mental and moral propensities.' " *North Carolina v. Pearce,* 395 U.S. 711, 723, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656, 668 (1969). Furthermore, the trial justice affirmatively placed his reasons on the record, *id.* at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670, and stated that "the factors, including your fleeing the jurisdiction based on my trust in you, and your conduct, merit" the imposed sentence. Moreover, the possibility of vindictiveness by a trial justice is speculative when, as here, a different justice presided over the retrial. *State v. Simpson,* 520 A.2d 1281, 1285 (R.I.1987) (citing *Texas v. McCullough,* 475 U.S. 134, 139, 106 S.Ct. 976, 979–80, 89 L.Ed.2d 104, 111 (1986)). In any case, the sentence imposed in the first trial was illegal under G.L.1956 §§ 11–37–8.2 and 11–37–8.4, which mandate a minimum twenty-year imprisonment upon conviction of first-degree child molestation and a minimum six-year imprisonment for second-degree child molestation.

■ The defendant next contended that the trial justice erred in denying his motion to exclude evidence that he showed the victim a pornographic magazine. We discern no error in the admission, inasmuch as the evidence was relevant and corroborated the victim's claim that defendant sought after her in a sexual way. *See State v. Pierce,* 689 A.2d 1030, 1034 (R.I. 1997) (evidence about the defendant's possession of adult magazines and videotape recordings was relevant to corroborate the victim's testimony and to establish that the defendant was the source of the victim's knowledge and experience about sexual acts).

■ Finally, defendant argued that the trial justice erred in denying his pretrial motion *in limine* to exclude evidence of certain uncharged acts. Specifically, defendant claimed that the trial justice erred in allowing the victim's friend to testify that defendant exposed himself to her and the victim. We disagree. This Court has held that there are two exceptions to the general rule that evidence of uncharged acts is *per se* inadmissible. *State v. Gomes,* 690 A.2d 310, 316 (R.I. 1997). First, the prior incidents may be admissible if they are interwoven with the charged offense and necessary for a complete and coherent story, and second, the evidence may be admitted under Rule 404(b) of the Rhode Island Rules of Evidence to show *inter alia* guilty knowledge, intent, motive, preparation, plan or identity. *Gomes,* 690 A.2d at 316. Evidence of other sexual acts that are not too remote in time may be introduced in a sexual molestation case to show the accused's lewd disposition or intent towards the vic-

---

1. The defendant was charged with one count of bail jumping to which, according to defendant, he pleaded nolo contendere. He was sentenced to serve two years consecutive to the sentence being appealed here.

2. *See State v. McVeigh,* 660 A.2d 269, 276 (R.I.1995) (this Court refused to consider defendant's claim of error of the sentencing judge because defendant had not first sought revision of the sentence under Rule 35 of the Superior Court Rules of Criminal Procedure).

tim, *id.* (citing *State v. Jalette,* 119 R.I. 614, 627, 382 A.2d 526, 533 (1978)), with three restrictions: (1) the evidence should be used sparingly, and it should be excluded if it is cumulative; (2) the evidence should be admitted only to prove charges lodged against the defendant; and (3) the trial court should designate the specific exception to which the evidence is relevant and should instruct the jury on the limitations within which the testimony should be used. *Gomes,* 690 A.2d at 316–17.

Adhering to these admonitions, we conclude here that the testimony was admissible to show the defendant's lewd disposition. In this case, the victim was actually present when the incident occurred, and thus the testimony served to present a more coherent story of molestation by the defendant. Hence, this testimony was not cumulative, and it was admitted to prove the charges against the defendant. However, our review of the record disclosed that the trial justice failed to provide a timely limiting instruction to the jury at the time the evidence was admitted. Although it was error to fail to give the limiting instruction contemporaneously with the testimony's admission, this error was harmless beyond a reasonable doubt. *See State v. Brown,* 626 A.2d 228, 231 (R.I.1993) (the overwhelming evidence to convict the defendant rendered the admission of other bad acts without a limiting instruction harmless beyond a reasonable doubt).

We therefore deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court, to which the papers in this case are remanded.